ORIGINAL

1    THAD A. DAVIS (SBN 220503)
     thad.davis@ropesgray.com
2    ROCKY C. TSAI (SBN 221452)
     rocky.tsai@ropesgray.com
3    ROPES & GRAY LLP
     Three Embarcadero Center, Ste 300
4    San Francisco, California 94111-4006
     Tel:   (415) 315- 6300
5    Fax:   (415) 315-6350

6
     Attorneys for Defendants
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                CV 12      0982

12                                    Case No. _____
     PETER WRIGHT and MICHELLE TRAME,
13   individually, on behalf of all others similarly    (Marin County Superior Court No.
     situated, and on behalf of the general public,     CIV1200767)
14
                      Plaintiffs,                        **DEFENDANTS' NOTICE OF
15                                                       REMOVAL OF CIVIL ACTION
            v.                                           PURSUANT TO 28 U.S.C. §§ 1331,
16                                                       1367, 1441, AND 1446**

17   ADVENTURES ROLLING CROSS
     COUNTRY, Inc., d/b/a ADVENTURES
18   CROSS COUNTRY (ARCC), a California
     Corporation, SCOTT VON ESCHEN, and
19   DOES 1 through 50, inclusive,

20                    Defendants.

21

22

23   **TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

24          **PLEASE TAKE NOTICE** that Defendants Adventures Rolling Cross Country, Inc.,

25   d/b/a Adventures Cross Country (ARCC), Scott Von Eschen, and Does 1 through 50 (collectively

26   "ARCC") hereby remove this action, *Wright v. Adventures Rolling Cross Country, Inc.*,

27   commenced as Case No. cv-1200767 in the Superior Court of the State of California, Marin

28

                                                              NOTICE OF REMOVAL

County, to the United States District Court for the Northern District of California, pursuant to 28

U.S.C. §§ 1331, 1367, 1441, and 1446.  In support of this Notice of Removal, ARCC states

and/or alleges the following:

### PROCEDURALLY PROPER REMOVAL

1.     ARCC's removal of this action is timely under 28 U.S.C. § 1446(b).  Section

1446(b) provides that a notice of removal shall be filed within thirty (30) days after formal

service of the complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526

U.S. 344, 348 (1999).  The undersigned Defendants were served with copies of the summons and

Class Action Complaint ("Complaint" or "Compl.") on February 22, 2012.

2.     Pursuant to the requirement of 20 U.S.C. § 1446(b)(2)(a), Defendants aver that all

Defendants who have been properly joined and served join or consent to the removal of this

action.

3.     Removal to this Court is proper under 28 U.S.C. § 1441 because this district and

division "embrac[e] the place where such action is pending." *Id.* at § 1441(a).

4.     Pursuant to the requirement of 28 U.S.C. § 1446(a), a copy of the Complaint

together with "all process, pleadings, and orders served upon" ARCC, are attached hereto as

Exhibit A.

### JURISDICTION

5.     For an action to be removable, the federal courts must have original jurisdiction

over the matter.  Here, removal is proper under federal question jurisdiction, *see* 28 U.S.C. §§

1331, 1367(a), and 1441(a) and (c).

### INTRADISTRICT ASSIGNMENT

6.     Removal and assignment of this action to the San Francisco Division of this Court

is proper because the Defendants have offices in Marin, California.

## BASES FOR REMOVAL

**I.     THIS ACTION MAY BE REMOVED BECAUSE FEDERAL QUESTION JURISDICTION EXISTS**

7.     This Court has original jurisdiction over this civil action because it arises under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Federal question jurisdiction exists over Plaintiffs' Complaint for the following reasons:

8.     First, the complaint arises under federal law because Plaintiffs bring a claim under a federal statute: the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 206, 207, and 216. Compl. ¶¶ 31-38, 57-65. Specifically, Plaintiffs allege that ARCC violated the FLSA by, among other things, "fail[ing] and refus[ing] to pay [Plaintiffs and the Collective Class members] the appropriate overtime compensation for all the hours worked in excess of forty, and fail[ing] and refus[ing] to pay them at least the minimum wage," and "failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class." *Id.* at ¶ 61 and 62. According to Plaintiffs, Defendants' conduct has "caused significant damages to Plaintiffs, and the Collective Class." *Id.* at ¶ 37.

9.     Based on these allegations, this action is removable to this Court under 28 U.S.C. § 1441(b). This statute provides, in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

10.     The United States Supreme Court has recognized that FLSA claims may be removed to federal court. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693 (2003) (holding that 29 U.S.C. § 216(b) does not bar removal of a suit under the FLSA from state to federal court).

11.      Second, where federal question jurisdiction exists over any claim, the entire case
may be removed, 28 U.S.C. § 1441(c).

12.      Supplemental jurisdiction over the non-federal claims in the Complaint exists
under 28 U.S.C. § 1367 "because the federal and state counterclaims arise from the same
transaction and rely on identical facts for their resolution," and therefore "'form part of the same
case or controversy under Article III' for the purposes of supplemental jurisdiction." *Sea-Land
Serv. v. Lozen Int'l*, 285 F.3d 808, 814 (9th Cir. 2002) (quoting 28 U.S.C. § 1367(a)).  A federal
claim and a state law claim form part of the same Article III case or controversy if the two claims
"derive from a common nucleus of operative fact" such that "the relationship between [the
federal] claim and the state claim permits the conclusion that the entire action before the court
comprises but one constitutional 'case.'"  *Chicago v. Int'l College of Surgeons*, 522 U.S. 156,
164-165 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (alteration in
original).  Here, the complaint alleges that members of the putative nationwide class performed
the same kind of work for the same employer and were deprived of compensation as a result of
the same purported actions taken by their employer.  The federal and state claims alleged in the
complaint thus "derive from a common nucleus of operative fact" and form part of the same
Article III case or controversy. *Cf. Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (where
"the same acts violate parallel federal and state laws, the common nucleus of operative facts is
obvious"); *see also Pueblo Int'l, Inc. v. De Cardona*, 725 F.2d 823, 826 (1st Cir. 1984)
(supplemental jurisdiction properly exercised over state claims where original jurisdiction existed
under parallel federal law because "[t]he facts necessary to prove a violation of one are practically
the same as those needed to prove a violation of the other.").

1

## CONCLUSION

2      BASED ON THE FOREGOING, Defendants hereby remove the above-captioned

3  action, formerly pending in the Superior Court of the State of California, Marin County, to the

4  United States District Court for the Northern District of California.

5

6  Dated: February 27, 2012

7                                        THAD A. DAVIS
                                        ROCKY C. TSAI
8
                                        ROPES & GRAY LLP
9

10
                                        By: _____
11                                          Rocky C. Tsai

12                                        Attorneys for Defendants

13                                        ADVENTURES ROLLING CROSS
                                        COUNTRY, Inc., d/b/a ADVENTURES
14                                        CROSS COUNTRY (ARCC), a California
                                        Corporation, SCOTT VON ESCHEN, and
15                                        DOES 1 through 50, inclusive,

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**SUM-100**

## SUMMONS
### (CITATION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Adventures Rolling Cross Country, Inc., dba
*(AVISO AL DEMANDADO):* Adventures Cross Country (ARCC), a California
Corporation, Scott Von Eschen, and DOES 1-50 inclusive,

**FILED**

FEB 1 7 2012

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** Peter Wright and Michelle Trame,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, on behalf of all
other similarly situated, and on behalf of the general public,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Marin County Superior Court <br> 3501 Civic Center Drive <br> San Rafael, CA  94903 | CASE NUMBER: *(Número del Caso):* <br> **1 2 0 0 7 6 7** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Lowe  SBN: 178811                         P: (415) 434-9800    F: (415) 434-0513
Rudy, Exelrod, Zieff & Lowe, LLP
351 California Street, Suite 700                    **KIM TURNER**
San Francisco, CA  94104

| DATE: February 17, 2012  FEB 1 7 2012 | Clerk, by | **T. FRAGUERO**, Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Adventures Rolling Cross Country, Inc. dba Adventures Cross Country (ARCC) a California corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

© COPY (c)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David A. Lowe  (SBN: 178811) <br> John T. Mullan  (SBN: 221149) <br> Rudy, Exelrod, Zieff & Lowe, LLP <br> 351 California Street, Suite 700 <br> San Francisco, CA  94104 <br> TELEPHONE NO.:  (415) 434-9800   FAX NO. *(Name)*:  (415) 434-0513 <br> ATTORNEY FOR *(Name)*: | **RECEIVED** <br><br> FEB 1 7 2012 <br><br> MARIN COUNTY <br> SUPERIOR COURT |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA  94903
BRANCH NAME:

CASE NAME:  Wright; Trame et al. v. Adventures Rolling Cross Country, Inc.
dba Adventures Cross Country; Scott Von Eschen, and Does 1-50

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: ᴄɪᴠ **1200767** |
|---|---|---|---|---|
| [x] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: Chernus <br> DEPT: A |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*:  (9): Breach of contract; CA Labor Secs. 510, 1194, 1198,200-203,226,226.7,512,221,223,1182.12,1197

5. This case [x] is  [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  February 17, 2012

David A. Lowe (SBN: 178811)
(TYPE OR PRINT NAME) ▸ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal Solutions ® Plus

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
  · Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
  Physicians & Surgeons
  Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
  and fall)
  Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
  Intentional Infliction of
  Emotional Distress
  Negligent Infliction of
  Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
  (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
  Contract (*not unlawful detainer
  or wrongful eviction*)
  Contract/Warranty Breach—Seller
  Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
  Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
  Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
  domain, landlord/tenant, or
  foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
  Case Matter
  Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
  County)
  Confession of Judgment (*non-
  domestic relations*)
  Sister State Judgment
  Administrative Agency Award
  (*not unpaid taxes*)
  Petition/Certification of Entry of
  Judgment on Unpaid Taxes
  Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
  harassment*)
  Mechanics Lien
  Other Commercial Complaint
  Case (*non-tort/non-complex*)
  Other Civil Complaint
  (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
  Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
  Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



@COPY

BY FAX

1 | BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
2 | Hillary Jo Baker (SBN 265019)
180 Grand Avenue, Suite 1550
3 | Oakland, California 94612
Tel. (510) 444-9300
4 | Fax (510) 444-9301
Email: Bryan@BryanSchwartzLaw.com
5 | Hillary@BryanSchwartzLaw.com

6 | RUDY EXELROD ZIEFF& LOWE, LLP
David A. Lowe (SBN 178811)
7 | John T. Mullan (SBN 221149)
351 California St #700
8 | San Francisco, CA 94104
Tel. (510) 444-9300
9 | Fax (510) 444-9301
Email: DAL@rezlaw.com; JTM@rezlaw.com
10 | Attorneys for Plaintiffs

**FILED**

FEB 1 7 2012

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

11

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF MARIN

13 | GENERAL CIVIL DIVISION – SAN RAFAEL

14

15 | Peter Wright and Michelle Trame,
individually, on behalf of all others
16 | similarly situated, and on behalf of the
general public,
17
Plaintiffs,
18

19 | vs.
20

21

22 | Adventures Rolling Cross Country, Inc.,
dba Adventures Cross Country (ARCC), a
23 | California Corporation, Scott Von
Eschen, and DOES 1 through 50
24 | inclusive,
25 | Defendants.
26

27

28

CASE NO.: CV **1 2 0 0 7 6 7** d/

**CLASS AND COLLECTIVE ACTION**

**COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE RELIEF**

(1) **Breach of Contract**

(2) **Failure to Pay Overtime in Violation of
California Labor Code Sections 510,
1194, 1198 and IWC Wage Orders**

(3) **Failure to Pay Earned Wages Upon
Discharge, Waiting Time Penalties in
Violation of California Labor Code
Sections 200-203**

(4) **Failure to Provide Timely, Accurate,
Itemized Wage Statements in Violation
of California Labor Code Section 226**

(5) **Failure to Provide and/or Authorize
Meal and Rest Periods/Unpaid Wages in
Violation of California Labor Code
Sections 226.7 and 512 and IWC Wage**

CLASS AND COLLECTIVE ACTION COMPLAINT

Orders

(6) Failure to Compensate for All Hours
    Worked in Violation of Labor Code
    Sections 221 and 223 and IWC Wage
    Orders

(7) Failure to Pay the Minimum Wage in
    Violation of California Labor Code
    Sections 1182.12, 1194, 1197, 1197.1, the
    California Minimum Wage Order, MW-
    2007,

(8) Violations of the Fair Labor Standards
    Act, 29 U.S.C. Sections 206, 207, and 216

(9) Unlawful and/or Unfair Business
    Practices in Violation of California
    Business and Professions Code Section
    17200, *et seq.*

**DEMAND FOR JURY TRIAL**

CLASS AND COLLECTIVE ACTION COMPLAINT

1        Individual and Representative Plaintiffs Peter Wright and Michelle Trame, on behalf of

2  themselves and on behalf of all others similarly situated, complain against Defendant

3  Adventures Rolling Cross Country, Inc., dba Adventures Cross Country (hereafter "ARCC"),

4  Scott Von Eschen, and DOES 1 through 50, inclusive, as follows:

5                   **PRELIMINARY STATEMENT**

6        1.    The class claims in this action are brought pursuant to Code of Civil Procedure

7  ("CCP") §382, seeking to enforce Plaintiffs' and the class members' contracts with ARCC, which

8  bind ARCC to follow California law.

9        2.    Furthermore, Plaintiffs and the class members assert claims to unpaid minimum

10  and overtime wages, missed meal period and rest period wages, penalties, injunctive and other

11  equitable relief, unpaid sick leave, and reasonable attorneys' fees and costs, under, among others,

12  California Labor Code §§ 201, 202, 203, 218.5, 221, 223, 226, 226.3, 226.7, 510, 512, 558,

13  1182.12, 1194, 1197, 1197.1, 1198, the California Minimum Wage Order MW-2007, Industrial

14  Welfare Commission Wage Order No. 10-2001, Business and Professions Code § 17200 *et seq.*,

15  CCP §1021.5, and the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 and 216, on behalf of the

16  following proposed class:

17

18                 Plaintiffs and all other persons who are or have been employed by

19                 ARCC and Scott Von Eschen as Trip Leaders (or any titles
performing similar duties, of leading tours) at any time

20                 commencing four years prior to the date of the filing of this
Complaint through the date of the final disposition of this action.

21

22        3.    Under California Business and Professions Code ("Cal. Bus. & Prof. Code") §

23  17200 *et seq.*, and pursuant to both the class action and representative action procedures provided

24  for in these statutes, Plaintiffs, on behalf of themselves and proposed Class Members, also seek

25  injunctive relief and restitution of all benefits ARCC and Scott Von Eschen have received from

26  their unlawful actions as alleged herein.

27        4.    The Class Period is designated as the four year period prior to the filing of the

28  original Complaint through the date of final disposition of this action. From the start of the Class

1

Period through the present, ARCC and Scott Von Eschen have had a consistent policy and/or practice of flagrantly ignoring and violating a host of local, California, and Federal wage and hour laws in their adventure travel planning business. From the start of the Class Period through the present, ARCC and Scott Von Eschen have had a consistent policy and/or practice of: (1) paying wage rates well below the minimum wage; (2) failing to pay any overtime premiums for hours worked over eight in a day and 40 in a week; (3) failing to provide and/or authorize and permit meal and rest periods and failing to pay any premiums for such missed breaks, as required by law; (4) failing to provide accurate and complete itemized wage statements as required by law; (5) failing to pay employees for all hours worked, resulting in overall wages below the Federal, state, and local minimum wages; and (6) failing to correct all of the foregoing deficiencies and pay all wages due upon employees' termination.

## THE PARTIES

5. Plaintiff Peter Wright is a resident of San Francisco, California, and was employed by Defendants as a Trip Leader for approximately 35 workdays in 2009, working in Mill Valley, in Marin County, and traveling in his capacity as a Trip Leader under his California law-based contract to Italy and Greece.

6. Plaintiff Michelle Trame is a resident of Livermore, California, and was employed by Defendants as a Trip Leader for approximately 35 workdays in 2009, working in Mill Valley, in Marin County, and traveling in her capacity as a Trip Leader under her California law-based contract to Costa Rica and Belize.

7. Upon information and belief, Defendant ARCC is a California Corporation with its principal place of business in Mill Valley, Marin County, California.

8. Upon information and belief, Defendant Scott Von Eschen is a co-owner and President, manager/agent of ARCC, residing and doing business in Mill Valley, Marin County, California.

9. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are

2

1   ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

2   herein. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named

3   defendants is responsible in some manner for the occurrences herein alleged, and that the

4   damages sustained by Plaintiffs and the Class Members herein alleged were proximately caused

5   by such Doe Defendants.

6       10.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

7   herein was, at all times relevant to this action, the agent, employee, representing partner, and/or

8   joint venturer of the remaining Defendants and was acting within the course and scope of the

9   relationship. Plaintiffs are further informed, believe, and thereon allege, that each of the

10  Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

11  Defendants.

12                                    **VENUE**

13      11.    Venue in the County of Marin, General Civil Division in San Rafael is proper

14  under California Code of Civil Procedure Section 395(a), because Defendants reside in Marin

15  County and maintain their business headquarters in Marin County.

16

17                              **GENERAL ALLEGATIONS**

18

19      12.    ARCC, owned and principally managed in its day-to-day operations and wage and

20  hour and contracting practices by its President, Scott Von Eschen, has its registered agent

21  (Elizabeth Halsted) at 205 Beryl Street, Mill Valley, California 94941 – upon information and

22  belief, the home owned by Scott Von Eschen and his wife. The company's headquarters is at 242

23  Redwood Highway, Mill Valley, CA 94941.

24      13.    ARCC provides tours domestically and internationally to youths, who pay (or,

25  more likely, whose parents pay) from $2,500+ to $15,000+ for the opportunity to travel in an

26  organized trip for anywhere from 14 to 90 days. ARCC does not provide residential camp

27

28  experiences – it guides tours.

3

14.     Trips are typically led by a few (or two) Trip Leaders, who were (as of 2009, when Plaintiffs and approximately 100 others were employed) compensated under $2,000 each for their service watching dozens of teenagers for several weeks and trying to keep them on schedule and prevent them from harming themselves. If a typical trip would generate $150,000 gross revenue for ARCC, less than $4,000 would be spent paying the staff ostensibly responsible for the kids' well-being during travel. ARCC plans dozens of such trips each year.

15.     Scott Von Eschen purchased ARCC prior to Plaintiffs' employment and has expanded the business from a handful of trips leading 100 kids in travel experiences, to leading thousands of kids each summer, routinely employing over 100 Trip Leaders per year. Von Eschen regularly communicates with Trip Leaders and is intimately aware of and integral in directing their work schedules and the manner of their performance of their responsibilities. Among other things, he makes decisions regarding the itineraries, working conditions, hiring and termination decisions, and the setting of wages for each employee and each job.

16.     Trip Leaders undergo approximately 10 days "training" in Mill Valley, California, typically spending 10 hours/day working. Thereafter they depart for trips ranging from two weeks to 90 days. Plaintiffs, for example, each led a trip lasting 24 days. During the trips, in which they are essentially babysitting a large group of teens, they are on-call 24 hours a day – responsible for the safety of the kids. Trip Leaders actively work anywhere from 12-16 hours a day with little to no time at rest. As such, Plaintiffs estimate that they, and the class members, worked over 350 hours for ARCC, earning approximately $1,000 (in the case of Peter Wright) – less than $3.00/hour – and approximately $1,080 (in the case of Michelle Trame) – still well under $3.00/hour – with no overtime at 1.5 times or double their regular rate.

4

17.    ARCC does not provide or authorize/permit meal or rest breaks. Trip Leaders have no planned breaks in their workdays, signed no on-duty meal period waivers, routinely worked over ten hours without breaks, and yet, were paid no premiums of any kind with respect to such.

18.    The contract between ARCC and Plaintiffs (and the other Trip Leaders, upon information and belief), did not provide that lodging may be credited against the minimum wage.

19.    Trip Leaders have little or no role in: planning the primary trip activities or itineraries of the trips they lead, acquiring equipment, budgeting, choosing outfitters, or making transportation choices; need no professional credentials (apart from an 80-hour wilderness first responder certification); and, exercise little or no discretion or independent judgment in creating the trip experience. Their role, at its most basic level, is to shuttle the kids and equipment in their charge from one location to the next without losing them or allowing them to be injured, keeping them fed in the interim.

20.    Trip Leaders sign contracts with ARCC which state, "For the tenure of your training and employment with ARCC, you are considered to be a California resident, subject to California's tax laws and regulations." Despite this, ARCC apparently makes no effort to comply with California wage and hour laws and regulations with respect to its Trip Leaders, among other things paying far below the California minimum wage.

21.    Trip Leaders' basic functions – overseeing tours for youths – are largely identical, though the locations they visit are different, the kids they chaperone are different, and the focus of particular tours may vary. As such, though Plaintiffs Wright and Trame guided trips on different continents, their experiences were nearly identical in all material ways.

22.    Defendants have knowingly and intentionally failed to provide their employees with accurate, itemized records of their earnings and deductions. Among other discrepancies, Defendants are aware that the records provided to Plaintiffs and the Class Members: fail to reflect

5

1  the hours worked by the employees; fail to show the correct hourly rates for hours worked or

2  provide employees any explanation as to how their hours are being compensated; and, fail to

3  include meal/rest period and overtime premiums.

4

5  **California Class Action Allegations**

6       23.    Plaintiffs bring this action on their behalf and as a class action under Cal. Code of

7  Civil Procedure §382 on behalf of the following defined group:

8

9                 All persons who are or have been employed by ARCC and Scott
   Von Eschen as Trip Leaders (or any titles performing similar duties,
10  of leading tours) at any time commencing four years prior to the
   date of the filing of this Complaint through the date of the final
11  disposition of this action.

12       24.    This action is brought, and may properly be maintained, as a class action under

13  § 382 because there is a well-defined community of interest in the litigation, and the proposed

14  Class is easily ascertainable.

15       25.    Numerosity:  The Proposed Class is so numerous that joinder of all members is

16  impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the

17  relevant time period, Defendants employed hundreds of people who are geographically dispersed

18  and who satisfy the definition of the Proposed Class.

19       26.    Typicality: Plaintiffs' claims are typical of the claims of the Class Members.

20  Plaintiffs, like other Class Members, were subjected to Defendants' common, unlawful policies,

21  practices, and procedures described above. The Plaintiffs' positions at the company were typical

22  of those of other Class Members.

23       27.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the members

24  of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions

25  and California contract, labor, and employment litigation.

26       28.    Commonality: Common questions of law and fact exist, including but not limited

27  to the following:

28

6

(a)     Whether California law and regulation governed all employment under the contracts between Plaintiffs, the Class Members, and ARCC;

(b)     Whether Plaintiffs and the Class Members were required to be paid, but were denied, at least the California minimum wage ($8.00/hour) for all hours worked over eight each day (and, under federal law, over 40 each week) in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* and the California Labor Code Sections 1182.12, 1194, 1197, 1197.1, and the California Minimum Wage Order, MW-2007;

(c)     Whether Defendants unlawfully failed to pay overtime compensation to Plaintiffs and Class Members in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. IWC Wage Order No. 10;

(d)     Whether Defendants unlawfully failed to provide timely, half-hour uninterrupted meal breaks to Plaintiffs and Class Members in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Labor Code §§ 226.7, 512, and Cal. IWC Wage Order No. 10, and pay premiums when such breaks were missed;

(e)     Whether Defendants unlawfully failed to authorize and permit two, timely ten-minute rest breaks to Plaintiffs and Class Members in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Labor Code § 226.7, and Cal. IWC Wage Order No. 10, and pay premiums when such breaks were missed;

(f)     Whether Defendants unlawfully failed to keep and furnish Class Members with accurate, itemized records of hours worked, in violation of Labor Code §§ 226 and 1174;

(g)     Whether Defendants' violations were willful;

(h)     Whether Defendants' policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates the law and warrants waiting time penalties under Cal. Labor Code §§ 200, 201, 202, and 203; and

7

(i)     The proper measure of damages sustained and the proper measure of restitution recoverable by Plaintiffs and the Class Members.

29.    Superiority:    A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against these defendants and fear retaliation. Prosecuting hundreds of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

30.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by § 382. The names and address of the Proposed Class are available from Defendants.

### Federal Collective Action Allegations

31.    Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class:**     All persons who are or have been employed by ARCC and Scott Von Eschen as Trip Leaders (or any titles performing similar duties, of leading tours) at any time commencing three years prior to the filing of this Complaint, to the final disposition of this case.

32.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

33.    Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

34.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without being paid the Federal minimum wage ($6.55 per hour effective July 24, 2008; and $7.25 per hour effective July 24, 2009).

35.    Upon information and belief, Defendants failed to keep accurate time records for

8

all hours worked by the Plaintiffs and the Proposed Collective Class in violation of FLSA, 29 U.S.C. § 201 *et seq.*

36.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

37.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

38.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay and the minimum wage in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

39.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

40.     Peter Wright and Michelle Trame signed similar contracts with ARCC which, upon information and belief, were similar to those of the other putative class members.

41.     The contract provided that, for the tenure of their training and employment with ARCC, Plaintiffs were considered to be California residents, subject to California's tax laws and regulations.

42.     Working as California residents, contractually bound to follow California law, performing services for a California-based employer, Plaintiffs were contractually entitled the benefit of California's wage and hour laws, which were violated, as described in the other Causes of Action herein.

9

43.     By violating California law, Defendants breached its contracts with Plaintiffs and the putative class members.

44.     Plaintiffs are entitled to all contract remedies available at law, and all equitable relief stemming from detrimental reliance, promissory estoppel, and other equitable doctrines arising from the contract breach.

### SECOND CAUSE OF ACTION:
### FAILURE TO PAY CALIFORNIA MINIMUM WAGE
**(California Labor Code Sections 1182.12, 1194, 1197, the California Minimum Wage Order, MW-2007)**

45.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

46.     Plaintiffs and the class members worked in California and/or under California law.

47.     California has had an $8/hour minimum wage reflected and protected in California Labor Code Sections 1182.12, 1194, 1197, and the California Minimum Wage Order, MW-2007. Defendants have at all times relevant to this Complaint been subject to the statewide minimum wages.

48.     Upon information and belief, Defendants' practice has been to pay Class Members significantly below the minimum wage for all hours worked.

49.     As a result of these unlawful actions, Defendants are liable to Plaintiffs, under California Labor Code Sections 1182.12, 1194, 1197 and the California Minimum Wage Order, MW-2007, for the minimum wage for all hours worked, plus interest, attorneys' fees and costs, and all other legal and equitable relief available from a court. Moreover, Plaintiffs and the Class Members seek an injunction under the cited California laws that Defendants ARCC shall hereafter pay no less than the minimum wage for all hours worked.

### THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME WAGES UNDER CALIFORNIA LAW
**(California IWC Wage Order 10; California Labor Code §§ 510, 1194, 1198)**

10

50.    Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs, as though fully set forth herein.

51.    Plaintiffs and the class members worked in California and/or under California law.

52.    At all relevant times herein, California Labor Code § 510 and IWC Wage Order No. 10 (dealing with (among others) employees who work in the recreation industry) required employers, like ARCC, to pay non-exempt employees overtime premium(s) for hours worked in excess of 8 (or in excess of 12) in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

53.    Plaintiffs and the Class Members are/were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

54.    Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 10, and the California Labor Code §§ 510 and 1198, throughout the Class Period and continuing to the present. Pursuant to California Labor Code §1194, the Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation.

55.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs, and an injunction requiring Defendants to pay overtime in the future.

56.    Defendants' failure to pay overtime was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order, and with malice.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME AND THE MINIMUM WAGE IN VIOLATION OF FEDERAL LAW**

11

1    (FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 206, 207, 216 ("FLSA"))

2        57.    Plaintiffs, on behalf of themselves and the collective class, allege and incorporate

3    by reference the allegations in the preceding paragraphs.

4        58.    Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C.

5    § 216(b). Plaintiffs' written consent forms are filed attached hereto as Exhibit A. Plaintiffs

6    anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

7        59.    At all relevant times, Defendants have been, and continue to be, "employers"

8    within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have

9    employed and continue to employ employees, including Plaintiffs, and the Collective Class. At all

10   relevant times, upon information and belief, Defendants have had gross operating revenues in

11   excess of $500,000.00.

12       60.    The FLSA requires each covered employers such as Defendants to compensate all

13   non-exempt employees at no less than the minimum wage and at a rate of not less than one and

14   one-half times the regular rate of pay for work performed in excess of forty hours per work week.

15       61.    During their employment with Defendants, within the applicable statute of

16   limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per

17   workweek, and were paid less than the minimum wage. Despite the hours worked by Plaintiffs

18   and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of

19   the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime

20   compensation for all the hours worked in excess of forty, and failed and refused to pay them at

21   least the minimum wage.

22       62.    By failing to accurately record, report, and/or preserve records of hours worked by

23   Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records

24   with respect to each of its employees sufficient to determine their wages, hours, and other

25   conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

26       63.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

27   within the meaning of 29 U.S.C. § 255(a).

28

CLASS AND COLLECTIVE ACTION COMPLAINT

64.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of of their payment below the minimum wage, and their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

65.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### FIFTH CAUSE OF ACTION
### LATE PAY AND WAITING TIME PENALTIES
#### (California Labor Code §§ 201-203)

66.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

67.     Plaintiffs and the class members worked in California and/or under California law.

68.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

69.     The Plaintiffs and Class Members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

70.     More than thirty days have passed since Plaintiffs left Defendants' employ.

71.     Defendants willfully failed to pay the minimum wage, any overtime, or any meal or rest period premiums.

72.     As a consequence of Defendants' willful failure to timely compensate Plaintiffs and Class Members for all hours worked, the Plaintiffs and Class Members whose employment ended during the Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

13

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### (California Labor Code §§ 226)

73.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

74.     Plaintiffs and the class members worked in California and/or under California law.

75.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.

76.     California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

77.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code § 226. The statements provided to Plaintiffs and Class Members have not accurately reflected actual gross wages earned, including overtime and meal/rest premiums, among other compensation, and the total hours worked by and wage rates of employees. Such failures caused injury to Plaintiffs and the Class Members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiffs and the Class Members are therefore entitled to the damages and penalties, plus attorneys' fees and costs, provided for under Labor Code §§ 226(e) and (g). Pursuant to Labor Code § 226(g), Plaintiffs and the Class Members are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAKS AND MEAL PERIODS
#### (California IWC Wage Order No. 10; Labor Code §§ 218.5, 226.7, 512, and 1194)

14

78.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

79.     The Plaintiffs and Class Members regularly worked in excess of five hour shifts without being afforded at least a half-hour uninterrupted meal break in which they were relieved of all duty, as required by Cal. Labor Code §§ 226.7 and 512(a) and Wage Order No. 10, § 11(a), and on occasion worked in excess of 10 hours, for which they were never provided a second meal period, as required under Cal. Labor Code §§ 226.7 and 512(a) and Wage Order No. 10, § 11(b).

80.     As a result of Defendants' failure to afford proper meal periods, it is liable to the Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7 and Wage Order No. 10, § 11(d).

81.     Plaintiffs and the Class Members regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute duty-free rest period, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute duty-free rest periods per four hours or major fraction thereof, as required under Cal. Labor Code § 226.7 and Wage Order No. 10, § 12(a).

82.     As a result of Defendants' failure to afford proper rest periods, it is liable to the Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Cal. Labor Code § 226.7 and Wage Order No. 10, § 12(b).

83.     Plaintiffs also seek injunctive relief requiring Defendants to comply with the California Labor Code and Wage Order No. 10 with respect to meals and rest periods, and attorneys' fees and costs, under Cal. Labor Code §1194 and/or §218.5.

### EIGHTH CAUSE OF ACTION
### FAILURE TO COMPENSATE FOR ALL HOURS WORKED
(California Labor Code §§ 218.5, 221, 223, and IWC Wage Order 10)

84.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

15

85.     Defendants routinely required and require Plaintiffs and the Class Members to work many hours at a ratewell below the minimum wage, without being paid for all hours worked.

86.     The California Labor Code, including but not limited to §§ 221 and 223, and IWC Wage Order 10, require that employees be paid for all hours worked.

87.     Plaintiffs and Class Members thus seek and are entitled to all uncompensated wages, plus interest, and attorneys' fees and costs, under Cal. Labor Code § 218.5, as well as all other legal and equitable relief such as a court may find just and proper, including but not limited to an injunction prohibiting Defendants from requiring unpaid off-the-clock work and compulsory travel.

## NINTH CAUSE OF ACTION

### UNFAIR PRACTICE UNDER THE UNFAIR COMPETITION ACT
### (California Business and Professions Code §§ 17200-17208)

88.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

89.     ARCC's numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code § 17200, *et seq.*

90.     Pursuant to Business and Professions Code § 17200, *et seq.*, Plaintiffs and the Class Members are entitled to restitution of the minimum wages, overtime earnings and other unpaid wages, among other relief alleged herein, that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, plus a permanent injunction requiring Defendants to pay minimum wages, overtime and wages for all hours worked and provide meal/rest periods to all workers as defined herein, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUEST FOR RELIEF

91.     WHEREFORE, the Plaintiffs, on behalf of themselves and the proposed Class, request judgment and the following specific relief against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

B.     That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b);

C.     That Defendants are found to have violated the above-referenced provisions of the Labor Code and IWC Wage Order 10, and the FLSA, as to Plaintiffs and the Class;

D.     That Defendants' actions are found to be willful to the extent necessary under §§ 201, 202 and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiff and the Class Members no longer employed by Defendants, as to § 226 of the California Labor Code for willful failure to provide the required accurate and itemized wage statements to Plaintiffs and the Class Members;

E.     That Defendants are found to have violated provisions of the Labor Code and Wage Orders regarding meal periods and rest periods;

F.     That Defendants are found to have violated provisions of the Labor Code and Wage Orders regarding overtime;

G.     That Defendants are found to have violated provisions of the Labor Code and Wage Orders regarding the minimum wage;

H.     That Defendants are found to have breached their contracts with Plantiffs and the classes based on violations of California law and regulation;

I.     That Defendants are found to have violated the FLSA with respect to overtime and the minimum wage;

J.     That Defendants violations as described above are found to be willful to the extent necessary under the FLSA for a three-year statute of limitations and other consequences;

17

K.     That Plaintiffs and the Class Members receive an award in the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

L.     That Plaintiffs and the Class Members receive an award of liquidated damages under the FSLA and the California minimum wage law;

M.     That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Class for amounts acquired through Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

N.     That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, among other laws;

O.     That Plaintiffs and the Class receive an award of reasonable attorneys' fees and costs pursuant to the FLSA, Code of Civil Procedure § 1021.5, Labor Code §§ 1194, Labor Code §218.5, and/or other applicable laws; and

P.     That the Court order further relief, in law or equity, as it deems appropriate and just.

Dated: February 17, 2012

BRYAN SCHWARTZ LAW
RUDY EXELROD ZIEFF & LOWE

By:

David A. Lowe

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

18

CLASS AND COLLECTIVE ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their counsel, hereby demand a jury trial on all causes of actions and claims which they have a right to jury trial.

Dated: February 17, 2012

BRYAN SCHWARTZ LAW
RUDY EXELROD ZIEFF & LOWE

By: _David A. Lowe_

David A. Lowe
ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

19

# EXHIBIT A

| | |
|---|---|
| 1 | **CONSENT FORM AND DECLARATION** |
| 2 | |
| | I hereby consent to join a lawsuit against Adventure Cross Country (AAC) and Scott Von |
| 3 | Eschen (Von Eschen) as a Plaintiff to assert claims against it for violations of the wage and hour |
| | laws of the United States and/or California. During the past three years, there were occasions |
| 4 | when I worked over 40 hours per week for AAC and Von Eschen and did not receive overtime |
| | compensation. I worked as a Trip Leader. |
| 5 | |
| | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and |
| 6 | correct to the best of my knowledge, information, and belief. |
| 7 | |
| 8 | _____   12/8/11 |
| | Signature                          Date |
| 9 | |
| | Peter Wright |
| 10 | Print Name |
| 11 | |
| 12 | |
| 13 | **Fax or Mail To:** |
| 14 | |
| | **Bryan Schwartz** |
| 15 | **Bryan Schwartz Law** |
| | **180 Grand Avenue, Suite 1550** |
| 16 | **Oakland, CA 94612** |
| | **FAX (510) 444-9301** |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | Italy/Greece 2009 |
| 22 | AAC Trip(s) Worked (location, date) |
| 23 | |
| 24 | |
| 25 | |
| 26 | **EXHIBIT** |
| 27 | **A** |
| 28 | |
| | **CONSENT AND DECLARATION** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Adventure Cross Country (ACC) and Scott Von Eschen (Von Eschen) as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or California. During the past three years, there were occasions when I worked over 40 hours per week for AAC and Von Eschen and did not receive overtime compensation. I worked as a Trip Leader.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Michelle Trame            12/9/11
Signature                          Date

Michelle Trame
Print Name

**Fax or Mail To:**

**Bryan Schwartz**
**Bryan Schwartz Law**
**180 Grand Avenue, Suite 1550**
**Oakland, CA 94612**
**FAX (510) 444-9301**

Costa Rica-Belize 2009
ACC Trip(s) Worked (location, date)

**CONSENT AND DECLARATION**



**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

FEB 1 7 2012

**KIM TURNER**
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

| | |
|---|---|
| PLAINTIFF: Peter Wright, et al | CASE NO. CIV 1200767 |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Adventures Rolling Cross Country, et al | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge  Chernus  , Department  B . This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service          4/30/12 (8:30) 9:00 A.M.

   Hearing on Failure to Answer                        5/29/12 (8:30) 9:00 A.M.

   b. Appear for a Case Management Conference on        7/12/12 (8:30) 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by**          6/22/12

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at http://www.marincourt.org/civil_tentative.htm. If you need to make other arrangements, please call (415) 444-7170.

| CV008 | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** **(Mandatory Form)** | Rev. 2/10 |
|---|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Adventures Rolling Cross Country, Inc., dba
**(AVISO AL DEMANDADO):** Adventures Cross Country (ARCC), a California
Corporation, ~~Scott Von Eschen~~, and DOES 1-50 inclusive

FILED

FEB 17 2012

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** Peter Wright and Michelle Trame,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually, on behalf of all
other similarly situated, and on behalf of the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Marin County Superior Court
3501 Civic Center Drive
San Rafael, CA 94903

**CASE NUMBER:**
*(Número del Caso):*
Civ **1200767**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Lowe   SBN: 178811          P: (415) 434-9800    F: (415) 434-0513
Rudy, Exelrod, Zieff & Lowe, LLP
351 California Street, Suite 700
San Francisco, CA 94104

DATE: February 17, 2012 FEB 17 2012
*(Fecha)*

KIM TURNER
Clerk, by T. FRAGUERO, Deputy
*(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David A. Lowe (SBN: 178811)<br>John T. Mullan (SBN: 221149)<br>Rudy, Exelrod, Zieff & Lowe, LLP<br>351 California Street, Suite 700<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 434-9800   FAX NO.: (415) 434-0513 | **RECEIVED**<br><br>FEB 1 7 2012<br><br>MARIN COUNTY<br>SUPERIOR COURT |

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

CASE NAME:   Wright; Trame et al. v. Adventures Rolling Cross Country, Inc.
dba Adventures Cross Country; Scott Von Eschen, and Does 1-50

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV **1200767** |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Chernus<br>DEPT: B |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): (9): Breach of contract; CA Labor Secs. 510, 1194, 1198,200-203,226,226.7,512,221,223,1182.12,1197
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: February 17, 2012
David A. Lowe (SBN: 178811)
_____(TYPE OR PRINT NAME)_____   ▶ _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case—Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**



1  BRYAN SCHWARTZ LAW
   Bryan Schwartz (SBN 209903)
2  Hillary Jo Baker (SBN 265019)
   180 Grand Avenue, Suite 1550
3  Oakland, California 94612
   Tel. (510) 444-9300
4  Fax (510) 444-9301
   Email: Bryan@BryanSchwartzLaw.com
5  Hillary@BryanSchwartzLaw.com

6  RUDY EXELROD ZIEFF& LOWE, LLP
   David A. Lowe (SBN 178811)
7  John T. Mullan (SBN 221149)
   351 California St #700
8  San Francisco, CA 94104
   Tel. (510) 444-9300
9  Fax (510) 444-9301
   Email: DAL@rezlaw.com; JTM@rezlaw.com
10 Attorneys for Plaintiffs

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                  IN AND FOR THE COUNTY OF MARIN

13               GENERAL CIVIL DIVISION – SAN RAFAEL

14

15 Peter Wright and Michelle Trame,        **CASE NO.:** CV **1 2 0 0 7 6 7**
   individually, on behalf of all others
16 similarly situated, and on behalf of the  **CLASS AND COLLECTIVE ACTION**
   general public,
17                                           **COMPLAINT FOR DAMAGES,**
                    Plaintiffs,              **RESTITUTION AND INJUNCTIVE RELIEF**
18
                                             **(1) Breach of Contract**
19      vs.
                                             **(2) Failure to Pay Overtime in Violation of**
20                                               **California Labor Code Sections 510,**
                                                 **1194, 1198 and IWC Wage Orders**
21
22 Adventures Rolling Cross Country, Inc.,   **(3) Failure to Pay Earned Wages Upon**
   dba Adventures Cross Country (ARCC), a        **Discharge, Waiting Time Penalties in**
23 California Corporation, Scott Von             **Violation of California Labor Code**
   Eschen, and DOES 1 through 50                 **Sections 200-203**
24 inclusive,
                                             **(4) Failure to Provide Timely, Accurate,**
25                  Defendants.                  **Itemized Wage Statements in Violation**
                                                 **of California Labor Code Section 226**
26
                                             **(5) Failure to Provide and/or Authorize**
27                                               **Meal and Rest Periods/Unpaid Wages in**
                                                 **Violation of California Labor Code**
28                                               **Sections 226.7 and 512 and IWC Wage**

                    CLASS AND COLLECTIVE ACTION COMPLAINT

1

Orders

2   (6) Failure to Compensate for All Hours
3       Worked in Violation of Labor Code
         Sections 221 and 223 and IWC Wage
4        Orders

5   (7) Failure to Pay the Minimum Wage in
         Violation of California Labor Code
6        Sections 1182.12, 1194, 1197, 1197.1, the
         California Minimum Wage Order, MW-
7        2007,

8   (8) Violations of the Fair Labor Standards
         Act, 29 U.S.C. Sections 206, 207, and 216

9   (9) Unlawful and/or Unfair Business
10       Practices in Violation of California
         Business and Professions Code Section
11       17200, *et seq.*

12

13                  **DEMAND FOR JURY TRIAL**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Individual and Representative Plaintiffs Peter Wright and Michelle Trame, on behalf of themselves and on behalf of all others similarly situated, complain against Defendant Adventures Rolling Cross Country, Inc., dba Adventures Cross Country (hereafter "ARCC"), Scott Von Eschen, and DOES 1 through 50, inclusive, as follows:

## PRELIMINARY STATEMENT

1.      The class claims in this action are brought pursuant to Code of Civil Procedure ("CCP") §382, seeking to enforce Plaintiffs' and the class members' contracts with ARCC, which bind ARCC to follow California law.

2.      Furthermore, Plaintiffs and the class members assert claims to unpaid minimum and overtime wages, missed meal period and rest period wages, penalties, injunctive and other equitable relief, unpaid sick leave, and reasonable attorneys' fees and costs, under, among others, California Labor Code §§ 201, 202, 203, 218.5, 221, 223, 226, 226.3, 226.7, 510, 512, 558, 1182.12, 1194, 1197, 1197.1, 1198, the California Minimum Wage Order MW-2007, Industrial Welfare Commission Wage Order No. 10-2001, Business and Professions Code § 17200 *et seq.*, CCP §1021.5, and the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 and 216, on behalf of the following proposed class:

> Plaintiffs and all other persons who are or have been employed by ARCC and Scott Von Eschen as Trip Leaders (or any titles performing similar duties, of leading tours) at any time commencing four years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

3.      Under California Business and Professions Code ("Cal. Bus. & Prof. Code") § 17200 *et seq.*, and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiffs, on behalf of themselves and proposed Class Members, also seek injunctive relief and restitution of all benefits ARCC and Scott Von Eschen have received from their unlawful actions as alleged herein.

4.      The Class Period is designated as the four year period prior to the filing of the original Complaint through the date of final disposition of this action. From the start of the Class

1

Period through the present, ARCC and Scott Von Eschen have had a consistent policy and/or practice of flagrantly ignoring and violating a host of local, California, and Federal wage and hour laws in their adventure travel planning business. From the start of the Class Period through the present, ARCC and Scott Von Eschen have had a consistent policy and/or practice of: (1) paying wage rates well below the minimum wage; (2) failing to pay any overtime premiums for hours worked over eight in a day and 40 in a week; (3) failing to provide and/or authorize and permit meal and rest periods and failing to pay any premiums for such missed breaks, as required by law; (4) failing to provide accurate and complete itemized wage statements as required by law; (5) failing to pay employees for all hours worked, resulting in overall wages below the Federal, state, and local minimum wages; and (6) failing to correct all of the foregoing deficiencies and pay all wages due upon employees' termination.

## THE PARTIES

5.     Plaintiff Peter Wright is a resident of San Francisco, California, and was employed by Defendants as a Trip Leader for approximately 35 workdays in 2009, working in Mill Valley, in Marin County, and traveling in his capacity as a Trip Leader under his California law-based contract to Italy and Greece.

6.     Plaintiff Michelle Trame is a resident of Livermore, California, and was employed by Defendants as a Trip Leader for approximately 35 workdays in 2009, working in Mill Valley, in Marin County, and traveling in her capacity as a Trip Leader under her California law-based contract to Costa Rica and Belize.

7.     Upon information and belief, Defendant ARCC is a California Corporation with its principal place of business in Mill Valley, Marin County, California.

8.     Upon information and belief, Defendant Scott Von Eschen is a co-owner and President, manager/agent of ARCC, residing and doing business in Mill Valley, Marin County, California.

9.     Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are

2

ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages sustained by Plaintiffs and the Class Members herein alleged were proximately caused by such Doe Defendants.

10.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**VENUE**

11.     Venue in the County of Marin, General Civil Division in San Rafael is proper under California Code of Civil Procedure Section 395(a), because Defendants reside in Marin County and maintain their business headquarters in Marin County.

**GENERAL ALLEGATIONS**

12.     ARCC, owned and principally managed in its day-to-day operations and wage and hour and contracting practices by its President, Scott Von Eschen, has its registered agent (Elizabeth Halsted) at 205 Beryl Street, Mill Valley, California 94941 – upon information and belief, the home owned by Scott Von Eschen and his wife. The company's headquarters is at 242 Redwood Highway, Mill Valley, CA 94941.

13.     ARCC provides tours domestically and internationally to youths, who pay (or, more likely, whose parents pay) from $2,500+ to $15,000+ for the opportunity to travel in an organized trip for anywhere from 14 to 90 days. ARCC does not provide residential camp experiences – it guides tours.

3

14.     Trips are typically led by a few (or two) Trip Leaders, who were (as of 2009, when Plaintiffs and approximately 100 others were employed) compensated under $2,000 each for their service watching dozens of teenagers for several weeks and trying to keep them on schedule and prevent them from harming themselves. If a typical trip would generate $150,000 gross revenue for ARCC, less than $4,000 would be spent paying the staff ostensibly responsible for the kids' well-being during travel. ARCC plans dozens of such trips each year.

15.     Scott Von Eschen purchased ARCC prior to Plaintiffs' employment and has expanded the business from a handful of trips leading 100 kids in travel experiences, to leading thousands of kids each summer, routinely employing over 100 Trip Leaders per year. Von Eschen regularly communicates with Trip Leaders and is intimately aware of and integral in directing their work schedules and the manner of their performance of their responsibilities. Among other things, he makes decisions regarding the itineraries, working conditions, hiring and termination decisions, and the setting of wages for each employee and each job.

16.     Trip Leaders undergo approximately 10 days "training" in Mill Valley, California, typically spending 10 hours/day working. Thereafter they depart for trips ranging from two weeks to 90 days. Plaintiffs, for example, each led a trip lasting 24 days. During the trips, in which they are essentially babysitting a large group of teens, they are on-call 24 hours a day -- responsible for the safety of the kids. Trip Leaders actively work anywhere from 12-16 hours a day with little to no time at rest. As such, Plaintiffs estimate that they, and the class members, worked over 350 hours for ARCC, earning approximately $1,000 (in the case of Peter Wright) – less than $3.00/hour – and approximately $1,080 (in the case of Michelle Trame) – still well under $3.00/hour – with no overtime at 1.5 times or double their regular rate.

CLASS AND COLLECTIVE ACTION COMPLAINT

17.     ARCC does not provide or authorize/permit meal or rest breaks. Trip Leaders have no planned breaks in their workdays, signed no on-duty meal period waivers, routinely worked over ten hours without breaks, and yet, were paid no premiums of any kind with respect to such.

18.     The contract between ARCC and Plaintiffs (and the other Trip Leaders, upon information and belief), did not provide that lodging may be credited against the minimum wage.

19.     Trip Leaders have little or no role in: planning the primary trip activities or itineraries of the trips they lead, acquiring equipment, budgeting, choosing outfitters, or making transportation choices; need no professional credentials (apart from an 80-hour wilderness first responder certification); and, exercise little or no discretion or independent judgment in creating the trip experience. Their role, at its most basic level, is to shuttle the kids and equipment in their charge from one location to the next without losing them or allowing them to be injured, keeping them fed in the interim.

20.     Trip Leaders sign contracts with ARCC which state, "For the tenure of your training and employment with ARCC, you are considered to be a California resident, subject to California's tax laws and regulations." Despite this, ARCC apparently makes no effort to comply with California wage and hour laws and regulations with respect to its Trip Leaders, among other things paying far below the California minimum wage.

21.     Trip Leaders' basic functions – overseeing tours for youths – are largely identical, though the locations they visit are different, the kids they chaperone are different, and the focus of particular tours may vary. As such, though Plaintiffs Wright and Trame guided trips on different continents, their experiences were nearly identical in all material ways.

22.     Defendants have knowingly and intentionally failed to provide their employees with accurate, itemized records of their earnings and deductions. Among other discrepancies, Defendants are aware that the records provided to Plaintiffs and the Class Members: fail to reflect

5

1   the hours worked by the employees; fail to show the correct hourly rates for hours worked or

2   provide employees any explanation as to how their hours are being compensated; and, fail to

3   include meal/rest period and overtime premiums.

4

5                         **California Class Action Allegations**

6       23.     Plaintiffs bring this action on their behalf and as a class action under Cal. Code of

7   Civil Procedure §382 on behalf of the following defined group:

8

9                 All persons who are or have been employed by ARCC and Scott
                Von Eschen as Trip Leaders (or any titles performing similar duties,
10                 of leading tours) at any time commencing four years prior to the
                date of the filing of this Complaint through the date of the final
11                 disposition of this action.

12       24.     This action is brought, and may properly be maintained, as a class action under

13   § 382 because there is a well-defined community of interest in the litigation, and the proposed

14   Class is easily ascertainable.

15       25.     Numerosity:   The Proposed Class is so numerous that joinder of all members is

16   impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the

17   relevant time period, Defendants employed hundreds of people who are geographically dispersed

18   and who satisfy the definition of the Proposed Class.

19       26.     Typicality: Plaintiffs' claims are typical of the claims of the Class Members.

20   Plaintiffs, like other Class Members, were subjected to Defendants' common, unlawful policies,

21   practices, and procedures described above. The Plaintiffs' positions at the company were typical

22   of those of other Class Members.

23       27.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the members

24   of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions

25   and California contract, labor, and employment litigation.

26       28.     Commonality: Common questions of law and fact exist, including but not limited

27   to the following:

28

6

1

2
     (a)     Whether California law and regulation governed all employment under the contracts between Plaintiffs, the Class Members, and ARCC;

3

4
     (b)     Whether Plaintiffs and the Class Members were required to be paid,

5
but were denied, at least the California minimum wage ($8.00/hour) for all hours worked over

6
eight each day (and, under federal law, over 40 each week) in violation of the California Unfair

7
Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* and the California Labor Code Sections

8
1182.12, 1194, 1197, 1197.1, and the California Minimum Wage Order, MW-2007;

9
     (c)     Whether Defendants unlawfully failed to pay overtime

10
compensation to Plaintiffs and Class Members in violation of the California Unfair Competition

11
Law, Cal. Bus. & Prof. Code § 17200 *et seq.* and the California Labor Code and related

12
regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. IWC Wage

13
Order No. 10;

14
     (d)     Whether Defendants unlawfully failed to provide timely, half-hour

15
uninterrupted meal breaks to Plaintiffs and Class Members in violation of the California Unfair

16
Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Labor Code §§ 226.7, 512, and

17
Cal. IWC Wage Order No. 10, and pay premiums when such breaks were missed;

18
     (e)     Whether Defendants unlawfully failed to authorize and permit two,

19
timely ten-minute rest breaks to Plaintiffs and Class Members in violation of the California Unfair

20
Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Labor Code § 226.7, and Cal. IWC

21
Wage Order No. 10, and pay premiums when such breaks were missed;

22
     (f)     Whether Defendants unlawfully failed to keep and furnish Class

23
Members with accurate, itemized records of hours worked, in violation of Labor Code §§ 226 and

24
1174;

25
     (g)     Whether Defendants' violations were willful;

26
     (h)     Whether Defendants' policy and practice of failing to pay its

27
employees all wages due within the time required by law after their employment ended violates

28
the law and warrants waiting time penalties under Cal. Labor Code §§ 200, 201, 202, and 203; and

7

     (i)  The proper measure of damages sustained and the proper measure of restitution recoverable by Plaintiffs and the Class Members.

  29.  Superiority:  A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against these defendants and fear retaliation. Prosecuting hundreds of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

  30.  Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by § 382. The names and address of the Proposed Class are available from Defendants.

<strong>Federal Collective Action Allegations</strong>

  31.  Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class:**  All persons who are or have been employed by ARCC and Scott Von Eschen as Trip Leaders (or any titles performing similar duties, of leading tours) at any time commencing three years prior to the filing of this Complaint, to the final disposition of this case.

  32.  Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

  33.  Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

  34.  Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without being paid the Federal minimum wage ($6.55 per hour effective July 24, 2008; and $7.25 per hour effective July 24, 2009).

  35.  Upon information and belief, Defendants failed to keep accurate time records for

8

all hours worked by the Plaintiffs and the Proposed Collective Class in violation of FLSA, 29 U.S.C. § 201 *et seq.*

36.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

37.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

38.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay and the minimum wage in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

39.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

40.     Peter Wright and Michelle Trame signed similar contracts with ARCC which, upon information and belief, were similar to those of the other putative class members.

41.     The contract provided that, for the tenure of their training and employment with ARCC, Plaintiffs were considered to be California residents, subject to California's tax laws and regulations.

42.     Working as California residents, contractually bound to follow California law, performing services for a California-based employer, Plaintiffs were contractually entitled the benefit of California's wage and hour laws, which were violated, as described in the other Causes of Action herein.

9

43.   By violating California law, Defendants breached its contracts with Plaintiffs and the putative class members.

44.   Plaintiffs are entitled to all contract remedies available at law, and all equitable relief stemming from detrimental reliance, promissory estoppel, and other equitable doctrines arising from the contract breach.

### SECOND CAUSE OF ACTION:
### FAILURE TO PAY CALIFORNIA MINIMUM WAGE
**(California Labor Code Sections 1182.12, 1194, 1197, the California Minimum Wage Order, MW-2007)**

45.   Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

46.   Plaintiffs and the class members worked in California and/or under California law.

47.   California has had an $8/hour minimum wage reflected and protected in California Labor Code Sections 1182.12, 1194, 1197, and the California Minimum Wage Order, MW-2007. Defendants have at all times relevant to this Complaint been subject to the statewide minimum wages.

48.   Upon information and belief, Defendants' practice has been to pay Class Members significantly below the minimum wage for all hours worked.

49.   As a result of these unlawful actions, Defendants are liable to Plaintiffs, under California Labor Code Sections 1182.12, 1194, 1197 and the California Minimum Wage Order, MW-2007, for the minimum wage for all hours worked, plus interest, attorneys' fees and costs, and all other legal and equitable relief available from a court. Moreover, Plaintiffs and the Class Members seek an injunction under the cited California laws that Defendants ARCC shall hereafter pay no less than the minimum wage for all hours worked.

### THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME WAGES UNDER CALIFORNIA LAW
**(California IWC Wage Order 10; California Labor Code §§ 510, 1194, 1198)**

10

50.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs, as though fully set forth herein.

51.     Plaintiffs and the class members worked in California and/or under California law.

52.     At all relevant times herein, California Labor Code § 510 and IWC Wage Order No. 10 (dealing with (among others) employees who work in the recreation industry) required employers, like ARCC, to pay non-exempt employees overtime premium(s) for hours worked in excess of 8 (or in excess of 12) in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

53.     Plaintiffs and the Class Members are/were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

54.     Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 10, and the California Labor Code §§ 510 and 1198, throughout the Class Period and continuing to the present. Pursuant to California Labor Code §1194, the Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation.

55.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs, and an injunction requiring Defendants to pay overtime in the future.

56.     Defendants' failure to pay overtime was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order, and with malice.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME AND THE MINIMUM WAGE IN VIOLATION OF FEDERAL LAW

11

**(FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 206, 207, 216 ("FLSA"))**

57.     Plaintiffs, on behalf of themselves and the collective class, allege and incorporate by reference the allegations in the preceding paragraphs.

58.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are filed attached hereto as Exhibit A. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

59.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

60.     The FLSA requires each covered employers such as Defendants to compensate all non-exempt employees at no less than the minimum wage and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

61.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek, and were paid less than the minimum wage. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty, and failed and refused to pay them at least the minimum wage.

62.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

63.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

12

64.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of of their payment below the minimum wage, and their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

65.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**FIFTH CAUSE OF ACTION**
**LATE PAY AND WAITING TIME PENALTIES**
**(California Labor Code §§ 201-203)**

66.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

67.     Plaintiffs and the class members worked in California and/or under California law.

68.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

69.     The Plaintiffs and Class Members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

70.     More than thirty days have passed since Plaintiffs left Defendants' employ.

71.     Defendants willfully failed to pay the minimum wage, any overtime, or any meal or rest period premiums.

72.     As a consequence of Defendants' willful failure to timely compensate Plaintiffs and Class Members for all hours worked, the Plaintiffs and Class Members whose employment ended during the Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

13

CLASS AND COLLECTIVE ACTION COMPLAINT

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### (California Labor Code §§ 226)

73.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

74.     Plaintiffs and the class members worked in California and/or under California law.

75.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.

76.     California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

77.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code § 226. The statements provided to Plaintiffs and Class Members have not accurately reflected actual gross wages earned, including overtime and meal/rest premiums, among other compensation, and the total hours worked by and wage rates of employees. Such failures caused injury to Plaintiffs and the Class Members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiffs and the Class Members are therefore entitled to the damages and penalties, plus attorneys' fees and costs, provided for under Labor Code §§ 226(e) and (g). Pursuant to Labor Code § 226(g), Plaintiffs and the Class Members are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAKS AND MEAL PERIODS
#### (California IWC Wage Order No. 10; Labor Code §§ 218.5, 226.7, 512, and 1194)

14

1

2     78.    Plaintiffs incorporate by reference in this cause of action each allegation of the

preceding paragraphs as though fully set forth herein.

3

4     79.    The Plaintiffs and Class Members regularly worked in excess of five hour shifts

5     without being afforded at least a half-hour uninterrupted meal break in which they were relieved

of all duty, as required by Cal. Labor Code §§ 226.7 and 512(a) and Wage Order No. 10, § 11(a),

6     and on occasion worked in excess of 10 hours, for which they were never provided a second meal

7     period, as required under Cal. Labor Code §§ 226.7 and 512(a) and Wage Order No. 10, § 11(b).

8     80.    As a result of Defendants' failure to afford proper meal periods, it is liable to the

9     Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation

10    for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code

11    § 226.7 and Wage Order No. 10, § 11(d).

12    81.    Plaintiffs and the Class Members regularly worked more than three and one-half

13    hours in a day without being authorized and permitted to take a 10-minute duty-free rest period,

14    and regularly worked more than six hours in a day without being authorized and permitted to take

15    two, 10-minute duty-free rest periods per four hours or major fraction thereof, as required under

16    Cal. Labor Code § 226.7 and Wage Order No. 10, § 12(a).

17    82.    As a result of Defendants' failure to afford proper rest periods, it is liable to the

18    Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation

19    for each workday that the proper rest periods were not provided, pursuant to Cal. Labor Code

20    § 226.7 and Wage Order No. 10, § 12(b).

21    83.    Plaintiffs also seek injunctive relief requiring Defendants to comply with the

22    California Labor Code and Wage Order No. 10 with respect to meals and rest periods, and

23    attorneys' fees and costs, under Cal. Labor Code §1194 and/or §218.5.

24

25                              **EIGHTH CAUSE OF ACTION**
                        **FAILURE TO COMPENSATE FOR ALL HOURS WORKED**
26                  **(California Labor Code §§ 218.5, 221, 223, and IWC Wage Order 10)**

27    84.    Plaintiffs incorporate by reference in this cause of action each allegation of the

28    preceding paragraphs as though fully set forth herein.

15

85.     Defendants routinely required and require Plaintiffs and the Class Members to work many hours at a ratewell below the minimum wage, without being paid for all hours worked.

86.     The California Labor Code, including but not limited to §§ 221 and 223, and IWC Wage Order 10, require that employees be paid for all hours worked.

87.     Plaintiffs and Class Members thus seek and are entitled to all uncompensated wages, plus interest, and attorneys' fees and costs, under Cal. Labor Code § 218.5, as well as all other legal and equitable relief such as a court may find just and proper, including but not limited to an injunction prohibiting Defendants from requiring unpaid off-the-clock work and compulsory travel.

## NINTH CAUSE OF ACTION

### UNFAIR PRACTICE UNDER THE UNFAIR COMPETITION ACT
### (California Business and Professions Code §§ 17200-17208)

88.     Plaintiffs incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

89.     ARCC's numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code § 17200, et seq.

90.     Pursuant to Business and Professions Code § 17200, et seq., Plaintiffs and the Class Members are entitled to restitution of the minimum wages, overtime earnings and other unpaid wages, among other relief alleged herein, that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, plus a permanent injunction requiring Defendants to pay minimum wages, overtime and wages for all hours worked and provide meal/rest periods to all workers as defined herein, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REQUEST FOR RELIEF

91.     WHEREFORE, the Plaintiffs, on behalf of themselves and the proposed Class, request judgment and the following specific relief against Defendants as follows:

A.      That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

B.      That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b);

C.      That Defendants are found to have violated the above-referenced provisions of the Labor Code and IWC Wage Order 10, and the FLSA, as to Plaintiffs and the Class;

D.      That Defendants' actions are found to be willful to the extent necessary under §§ 201, 202 and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiff and the Class Members no longer employed by Defendants, as to § 226 of the California Labor Code for willful failure to provide the required accurate and itemized wage statements to Plaintiffs and the Class Members;

E.      That Defendants are found to have violated provisions of the Labor Code and Wage Orders regarding meal periods and rest periods;

F.      That Defendants are found to have violated provisions of the Labor Code and Wage Orders regarding overtime;

G.      That Defendants are found to have violated provisions of the Labor Code and Wage Orders regarding the minimum wage;

H.      That Defendants are found to have breached their contracts with Plantiffs and the classes based on violations of California law and regulation;

I.      That Defendants are found to have violated the FLSA with respect to overtime and the minimum wage;

J.      That Defendants violations as described above are found to be willful to the extent necessary under the FLSA for a three-year statute of limitations and other consequences;

17

K.      That Plaintiffs and the Class Members receive an award in the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

L.      That Plaintiffs and the Class Members receive an award of liquidated damages under the FSLA and the California minimum wage law;

M.      That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Class for amounts acquired through Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

N.      That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, among other laws;

O.      That Plaintiffs and the Class receive an award of reasonable attorneys' fees and costs pursuant to the FLSA, Code of Civil Procedure § 1021.5, Labor Code §§ 1194, Labor Code §218.5, and/or other applicable laws; and

P.      That the Court order further relief, in law or equity, as it deems appropriate and just.

Dated: February 17, 2012

BRYAN SCHWARTZ LAW
RUDY EXELROD ZIEFF & LOWE

By:      _____

David A. Lowe

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

18

CLASS AND COLLECTIVE ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their counsel, hereby demand a jury trial on all causes of actions and claims which they have a right to jury trial.

Dated: February 17, 2012

BRYAN SCHWARTZ LAW
RUDY EXELROD ZIEFF & LOWE

By: _____

David A. Lowe
ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

19

# EXHIBIT A

1

## CONSENT FORM AND DECLARATION

2

3

4

5

I hereby consent to join a lawsuit against Adventure Cross Country (AAC) and Scott Von Eschen (Von Eschen) as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or California. During the past three years, there were occasions when I worked over 40 hours per week for AAC and Von Eschen and did not receive overtime compensation. I worked as a Trip Leader.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

7

8

_____     12/8/11
Signature                                       Date

9

10

Peter Wright
Print Name

11

12

13

**Fax or Mail To:**

14

15

16

17

**Bryan Schwartz**
**Bryan Schwartz Law**
**180 Grand Avenue, Suite 1550**
**Oakland, CA 94612**
**FAX (510) 444-9301**

18

19

20

21

22

Italy/Greece 2009
_____
AAC Trip(s) Worked (location, date)

23

24

25

26

27

28

**EXHIBIT**

**A**

---

CONSENT AND DECLARATION

CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Adventure Cross Country (ACC) and Scott Von Eschen (Von Eschen) as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or California. During the past three years, there were occasions when I worked over 40 hours per week for AAC and Von Eschen and did not receive overtime compensation. I worked as a Trip Leader.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Michelle Trame                    12/9/11
Signature                         Date

Michelle Trame
Print Name

Fax or Mail To:

Bryan Schwartz
Bryan Schwartz Law
180 Grand Avenue, Suite 1550
Oakland, CA 94612
FAX (510) 444-9301

Costa Rica-Belize 2009
ACC Trip(s) Worked (location, date)

CONSENT AND DECLARATION



**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

**FILED**

FEB 1 7 2012

**KIM TURNER**
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: T. Fraguero, Deputy*

| PLAINTIFF: Peter Wright, et al | CASE NO. CIV 1200767 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Adventures Rolling Cross County, et al | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge Chernus, Department B. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service    4 / 30 / 12   (8:30) 9:00 A.M.

   Hearing on Failure to Answer    5 / 29 / 12   (8:30) 9:00 A.M.

   b. Appear for a Case Management Conference on    7 / 10 / 12   (8:30) 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by**    6 / 22 / 12

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm*. If you need to make other arrangements, please call (415) 444-7170.

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

PRE-PRINTED PACKET FEE          $1.00

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #)*: | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**<br>3501 Civic Center Drive<br>P.O. Box 4988<br>San Rafael, CA 94913-4988 | |

| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |
|---|---|

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

_____     _____

Dated                                     Attorney For

                                          _____


_____     _____

Dated                                     Attorney For

                                          _____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: |

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE<br>PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND<br>☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
|---|---|
| Note: This ex parte application will be considered without a personal appearance.<br>(See Cal. Rules of Court, rule 3.1207(2).) | HEARING DATE:<br>DEPT.:         TIME: |

1. Applicant (name):

   IS

   a. ☐   plaintiff
   b. ☐   cross-complainant
   c. ☐   petitioner
   d. ☐   defendant
   e. ☐   cross-defendant
   f. ☐   respondent
   g. ☐   other (describe):

2. The complaint or other initial pleading in this action was filed on (date):

3. Applicant requests that the court grant an order extending time for service of the following pleading:

   a. ☐   Complaint
   b. ☐   Cross-complaint
   c. ☐   Petition
   d. ☐   Answer or other responsive pleading
   e. ☐   Other (describe):

4. Service and filing of the pleading listed in item 3 is presently required to be completed by (date):

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:

   a. ☐   None
   b. ☐   The following (describe all, including the length of any previous extensions):

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties (name each):

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2008] | EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS | Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>www.courtinfo.ca.gov |
|---|---|---|

CM-020

| CASE NAME. | CASE NUMBER: |
|---|---|
| | |

7 The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

**ORDER**

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):*

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev. January 1, 2008]  **EX PARTE APPLICATION FOR EXTENSION OF TIME**  Page 2 of 2
**TO SERVE PLEADING AND ORDERS**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO..                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT | |

| **CASE MANAGEMENT STATEMENT** <br> *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | **CASE NUMBER:** |
|---|---|

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:                 Time:                 Dept..          Div..          Room: |
| Address of court *(if different from the address above)*: |
| ☐  Notice of Intent to Appear by Telephone,  by *(name)*: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Page 1 of 5

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov |
|---|---|---|

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:                                  f. Fax number:
e. E-mail address:                                       g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221

b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date).*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date).*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date).*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

**11 Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
    Party                   Description                 Date

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

**17 Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO..          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.. |

**To the court and to all parties:**

1.  Declarant *(name):*

    a. ☐  is ☐  the party ☐  the attorney for the party  who requested or caused the stay

    b. ☐  is ☐  the plaintiff or petitioner ☐  the attorney for the plaintiff or petitioner. The party who requested the stay
       has not appeared in this case or is not subject to the jurisdiction of this court.

2.  This case is stayed as follows:

    a. ☐  With regard to all parties.

    b. ☐  With regard to the following parties *(specify by name and party designation):*

3.  Reason for the stay·

    a. ☐  Automatic stay caused by a filing in another court.  *(Attach a copy of the Notice of Commencement of Case, the
       bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number,
       debtor, and petitioners.)*

    b. ☐  Order of a federal court or of a higher California court.  *(Attach a copy of the court order.)*

    c. ☐  Contractual arbitration under Code of Civil Procedure section 1281.4.  *(Attach a copy of the order directing
       arbitration.)*

    d. ☐  Arbitration of attorney fees and costs under Business and Professions Code section 6201  *(Attach a copy of the
       client's request for arbitration showing filing and service.)*

    e. ☐  Other·

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶     _____
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-180 [Rev. January 1, 2007]     **NOTICE OF STAY OF PROCEEDINGS**     Cal. Rules of Court, rule 3.650<br>www.courtinfo.ca.gov

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO..  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT | DEPT.. |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

### To the court and all parties:

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2. Declarant named below is
   a. ☐ the party ☐ the attorney for the party who requested or caused the stay
   b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Cal. Rules of Court, rule 3.550
www.courtinfo.ca.gov

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1   I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2.   I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:

    a. ☐   deposited the sealed envelope with the United States Postal Service.

    b. ☐   placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.   The *Notice of Termination or Modification of Stay* was mailed:

    a.   on *(date)*:

    b.   from *(city and state)*:

4.   The envelope was addressed and mailed as follows:

    a. Name of person served:

       Street address:
       City:
       State and zip code:

    c. Name of person served:

       Street address:
       City:
       State and zip code:

    b. Name of person served:

       Street address:
       City:
       State and zip code:

    d. Name of person served:

       Street address:
       City:
       State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
 STREET ADDRESS:
 MAILING ADDRESS:
 CITY AND ZIP CODE:
 BRANCH NAME:

 PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| | |
|---|---|
| **NOTICE OF SETTLEMENT OF ENTIRE CASE** | CASE NUMBER: |
| | JUDGE: |
| | DEPT.: |

---

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

---

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:

 a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
    Date of settlement:

 b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of
    specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will
    be filed no later than *(date):*

2. Date initial pleading filed:

3. Next scheduled hearing or conference:

 a. Purpose:

 b. ☐ (1) Date:

    (2) Time:

    (3) Department:

4. Trial date:

 a. ☐ No trial date set.

 b. ☐ (1) Date:

    (2) Time:

    (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| | | |
|---|---|---|
| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | | (SIGNATURE) |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

CM-200

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:          c. Name of person served:

      Street address:               Street address:
      City·                        City·
      State and zip code:            State and zip code:

   b. Name of person served:          d. Name of person served:

      Street address:               Street address:
      City:                       City·
      State and zip code:            State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____      _____
(TYPE OR PRINT NAME OF DECLARANT)                  (SIGNATURE OF DECLARANT)

ADR-100

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| **TELEPHONE NO.:**  **FAX NO.** *(Optional)*  E-MAIL ADDRESS *(Optional):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT <br> ☐ First   ☐ Supplemental | CASE NUMBER: |
|---|---|

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1. This case was filed on *(date if known):*

2. I was selected as the mediator in this matter on *(date):*

3. Mediation *(check one):*
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information):*

   b. ☐ took place on *(date or dates):*
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one):*
   a. ☐ in full agreement by all parties on *(date):*
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date):*
      (2) ☐ in full agreement as to limited issues on *(date):*
   c. ☐ in nonagreement.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Page 1 of 2

| CASE NAME: | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE
☐ **Mail**   ☐ **Personal Service**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope **and**
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:

   b. ☐ **Personal delivery** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

---

ADR-100 [Rev. January 1, 2003]

## PROOF OF SERVICE FOR
### STATEMENT OF AGREEMENT OR NONAGREEMENT

NAME OF COURT

# *ADR Information Form*

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*

1. Case name: _____   No. _____
2. Type of civil case:  ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____
3. Date complaint filed _____   Date case resolved _____
4. Date of ADR conference _____   5. Number of parties _____
6. Amount in controversy   ☐ $0–$25,000   ☐ $25,000–$50,000   ☐ $50,000–$100,000   ☐ over $100,000 *(specify):*_____
7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| (___)___ | (___)___ |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney            ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?
   a. ☐ As a direct result of the ADR process.
   b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.
   ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:
   ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:
   ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:
   ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No