UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WRIGHT, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVENTURES ROLLING CROSS COUNTRY, INC., *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-12-0982 EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23 AND FOR CONDITIONAL CERTIFICATION UNDER 29 U.S.C. § 216(b)**<br><br>**(Docket No. 127)** |

　　　　Plaintiffs have moved for (1) class certification under Federal Rule of Civil Procedure 23 for claims brought under state law and (2) collective action certification under 29 U.S.C. § 216(b) for claims brought under the Fair Labor Standards Act ("FLSA"). Because Plaintiffs have made out a prima facie case for certification under Rule 23(b)(3) and § 216(b), and because Defendants have filed a statement of nonopposition to Plaintiffs' motion, the Court hereby **GRANTS** Plaintiffs' motion for certification.

　　　　The only issue remaining is the language of the class notice and consent form. Plaintiffs have submitted a proposed notice and form. It is not clear whether Defendants oppose the language used therein. Furthermore, based on the Court's review of the proposed notice and form, the Court has some questions regarding the proposed notice and form. Accordingly, the Court hereby orders the parties to meet and confer regarding the proposed notice and form. The meet and confer shall address the entirety of the proposed notice and form, including but not limited to the following issues identified by the Court:

(1) Page 1, line 15; page 2, line 3. Given the filing date of the complaint, the Court understands the operative date to be February 17, 2008, and not February 19, 2008.

(2) Page 1, line 19. Reference is made to a "judgment" but no judgment has been entered in this case.

(3) Section I. The introduction should more clearly state at the outset that there are two different "classes" at issue – *i.e.*, the Rule 23 class (under state law) and the FLSA class (under federal law). It should also give each class a distinctive name (*e.g.*, Rule 23 class and FLSA class or, alternatively, California class and federal class) and use that name consistently throughout the notice and/or form.

(4) Pages 1-2. The two classes have as an end date "the final disposition of this case." However, as a practical matter, it is not clear how a class with this end date could be accommodated, particularly given the notice and opt-out procedure required for a Rule 23(b)(3) class. The parties should meet and confer to discuss whether a more workable end date for the classes would be, *e.g.*, the date that the class notice and consent form is approved. *See, e.g.*, *Zeisel v. Diamond Foods, Inc.*, No. C 10-01192 JSW, 2011 U.S. Dist. LEXIS 113550, at *5-6 (N.D. Cal. Oct. 3, 2011); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2009 U.S. Dist. LEXIS 62817, at *4 (N.D. Cal. July 2, 2009).

(5) Page 2, line 12; page 3, 10. The notice states that Trip Leaders who participate in the lawsuit "will be entitled" to compensation. The parties should address whether "may be entitled" is a more appropriate phrase to use given the status of the litigation.

(6) Sections IV and V. The parties should discuss whether a section should be inserted before Sections IV and V to clarify for the classes that Section IV addresses what a class member needs to do in the Rule 23 class and Section V addresses what a class member needs to do in the FLSA class.

(7) Page 4, line 4. The phrase "in addition to your claims under California law" should also be bolded.

By **July 15, 2013**, the parties shall file a joint supplemental brief regarding the proposed class notice and consent form. The parties should attach the proposed class notice and consent form

agreed upon by the parties. If the parties are not able to reach full agreement, then the parties should attach the proposed notice and form and, where there are disputes, provide within each document each party's proposed version in succession. Any explanation in support of the proposed version should be a part of the supplemental brief, and not the attachment.

    At this juncture, the Court shall maintain the hearing date of July 25, 2013.

    IT IS SO ORDERED.

Dated: July 8, 2013

_____
EDWARD M. CHEN
United States District Judge