1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   PETER WRIGHT, *et al.*,                          No. C-12-0982 EMC

9              Plaintiffs,

                                                    **ORDER RE SUPPLEMENTAL**
10       v.                                          **BRIEFING**

11  ADVENTURES ROLLING CROSS
    COUNTRY, INC., *et al.*,
12

13             Defendants.
    _____/

14

15

16        Currently pending before the Court is Plaintiffs' motion for preliminary approval of a class

17  action settlement. Having reviewed the papers submitted, the Court hereby orders that the parties

18  submit supplemental briefing and/or evidence on the following issues.

19        (1)    Although Plaintiffs' motion for class certification suggests that there could be as

20  many as 450 class members, *see* Docket No. 127 (Mot. at 4) (noting that, in his deposition, Mr. Von

21  Eschen testified that ARCC has hired between 30 and 90 trip leaders a summer each year since

22  2008), the parties should provide the Court with a more concrete sense of how many people there

23  are in the class.

24        (2)    Plaintiffs have estimated that class members will be paid an average of approximately

25  $750 each. *See* Mot. at 1. The parties should explain how they arrived at this estimate.

26        (3)    Plaintiffs have not provided any information as to the maximum value of the case if

27  they had prevailed on the merits. The parties should provide their estimates as to the maximum

28  value of the case. It would be helpful for the Court to know what the maximum value would be

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1    *excluding* interest and/or penalties and what the maximum value would be with respect to interest

2    and penalties. *Cf.* Mot. at 14 (suggesting that "a significant portion of the estimated damages

3    exposure" would arise from "PAGA claims and other penalty claims").

4            (4)    Defendants have represented, and Plaintiffs have, after investigation, essentially

5    agreed that Defendants are not able to pay a judgment in excess of $500,000 without becoming

6    insolvent and/or filing for bankruptcy. The parties should provide documentation to support such.

7    Such documentation may be filed under seal. The parties should also provide briefing as to what the

8    case might have settled for in the absence of an insolvency/bankruptcy problem. Finally, the parties

9    should cite authority establishing that potential insolvency and/or bankruptcy is a legitimate reason

10   to settle a class action for less than it is worth and, if so, how that should affect attorney's fees

11   awards and incentive/enhancement awards to the class representatives.

12           (5)    Each named Plaintiff seeks an incentive/enhancement award of $15,000, in part

13   because they are waiting retaliation claims that they otherwise would have brought against

14   Defendants. Plaintiffs should provide some specificity as to what the factual basis of those claims

15   would be and the legal causes of action that they would assert.

16           (6)    In his declaration, Mr. Von Eschen suggests that he could "pay slightly more over

17   four or five years, but such would be dependent each year on the business remaining viable and

18   generating enough profit to pay the settlement each year." Von Eschen Decl. ¶ 4. The parties

19   should address why this alternative or other alternatives that would have yielded more to the class

20   (net value) were rejected.

21           (7)    The parties have agreed to the use of a claim/opt-in form. *See* Schwartz Decl., Ex. B

22   (opt-in and claim form). Presumably, the parties agreed to this approach because of the need to opt

23   in for the FLSA claim. However, it is not clear that a claims process would be necessary in the

24   absence of the FLSA claim; thus, one alternative approach that the parties could have taken is for

25   issuance of checks outright to the class with a statement on the back of the check that endorsement

26   of the check means that the individual is opting in to the settlement. *See, e.g.*, *Franco v. Ruiz Food

27   Prods.*, No. 1:10-cv-02354-SKO, 2012 U.S. Dist. LEXIS 169057, at \*66 (E.D. Cal. Nov. 27, 2012);

28   *Brooks v. Williams Tank Lines*, No. C 10-01404 WHA, 2011 U.S. Dist. LEXIS 51982, at \*19 (N.D.

United States District Court

For the Northern District of California

1   Cal. May 13, 2011). The parties should address why this alternative approach is not viable. If the

2   parties agree that the alternative approach is viable and acceptable, then they should meet and confer

3   to revise the class notice as necessary.

4          (8)    In the Settlement Agreement, the parties agreed that, if a class member returns both a

5   claim form and a request for exclusion, then the request will be deemed void and the claim form will

6   be processed. *See* Sett. Agreement ¶ VIII.G. The parties should address whether it would be unduly

7   burdensome for the claims administrator to contact the class member to seek clarification as to what

8   the class member's true preference is.

9          (9)    In the Settlement Agreement, the parties agreed that class members will have only

10  ninety days to cash their checks. *See* Sett. Agreement ¶ VIII.M. The parties should address whether

11  more time can be given to the class members and, if not, why.

12         (10)   For the class notice, the parties should address why the first page of the notice does

13  not include a statement (in bold) as to what the average anticipated payment will be.

14         (11)   For the class notice, the parties should address whether the chart on page 2 of the

15  notice should be clarified – *i.e.*, so that the "object" option makes clear that objecting does not mean

16  opting out of the class.

17         (12)   For the class notice, there appears to be a typographical error in Question No. 2 – *i.e.*,

18  "pay the way."

19         Supplemental briefing and/or evidence shall be filed by the parties by **September 5, 2013**.

20

21         IT IS SO ORDERED.

22

23  Dated: August 29, 2013

24

25                                              _____
                                                EDWARD M. CHEN
26                                              United States District Judge

27

28

3